Steven T. Graham (#105710)
sgraham@swlaw.com
William S. O'Hare (#082562)
wohare@swlaw.com
Elizabeth M. Weldon (#223452)
eweldon@swlaw.com
Jenny Hua (#294984)
jhua@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Defendants
LuLaRoe, LLC, LLR, Inc., Mark Stidham, and DeAnne Brady

*[Counsel Continued On Page 2]*

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Stella Lemberg, Jeni Laurence, Amandra Bluder, and Carissa Stuckart, Dana Apana, Karen Moss Brown, Shannon Carrillo, Samantha Hall, Natalie Lien, Melissa Atkinson, Aki Berry, Cheryl Hayton, Tiffany Scheffer, Lora Haskett, Ashley Healy, Jocelyn Burke-Craig, Brittany Bianchi, Kerry Tighe-Schwegler, Jini Patton, Laura Rocke, Stephenie McGurn, and Peggy Johnson, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

LuLaRoe, LLC d/b/a LuLaRoe, a California limited liability company, LLR, Inc., a Wyoming corporation, Mark Stidham; DeAnne Brady a/k/a DeAnne Stidham; and DOES 1-10, inclusive

Defendants.

Case No. 5:17-cv-02102-AB-SHK
Hon. André Birotte Jr., Ctrm. 7B
Mag. Judge Shashi H. Kewalramani, Ctrm. 3/4

**Defendants' Reply in Support of Motion to Compel Plaintiffs to Individually Arbitrate and to Dismiss or Stay This Action; Memorandum of Po ints and Authorities**

**9 U.S.C. §§ 2-4; FRCP 12(b)(1)**

**[Filed Concurrently with the Declarations of Justin Lyon, Lori Hawkins, and Elizabeth Weldon.]**

Date: April 13, 2018
Time: 10:00 a.m.
Ctrm: 7B

Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Bradley A. Chapin (State Bar No. 232885)
bchapin@rutan.com
Kathryn D.Z. Domin (State Bar No. 274771)
kdomin@rutan.com
Samantha L. Goates (State Bar No. 310610)
sgoates@rutan.com
**RUTAN & TUCKER, LLP**
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Co-Counsel for Defendants
LuLaRoe, LLC, LLR, Inc.,
Mark Stidham, and DeAnne Brady

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

# TABLE OF CONTENTS

Page

I. PLAINTIFFS AGREED TO ARBITRATE....................................................1

II. THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE........5

A. The agreement is not procedurally unconscionable..............................5

B. The agreement is not substantively unconscionable.............................7

C. Any unconscionable term may be severed .........................................13

III. ALL DEFENDANTS MAY COMPEL ARBITRATION ............................13

IV. THE COURT SHOULD COMPEL INDIVIDUAL ARBITRATION.........14

## TABLE OF AUTHORITIES

**Page**

### Cases

*Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013)....7

*Amirhamzeh v. Wells Fargo Bank, N.A.*, No. 14-CV-02123-VC, 2014 WL 12610227, (N.D. Cal. Oct. 31, 2014)....2, 3

*Armendariz v. Found. Health Psychcare Servs.*, 24 Cal. 4th 83 (2000)....5

*AT & T Mobility II, LLC v. Pestano*, No. 07-cv-5463, 2008 WL 682523 (N.D. Cal. Mar. 7, 2008)....12

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)....7

*Baker v. Osborne Dev. Corp.*, 159 Cal. App. 4th 884 (2008)....12

*Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016)....7, 10

*Boyd v. Homes of Legend, Inc.*, 981 F. Supp. 1423 (M.D. Ala. 1997)....14

*Bruni v. Didion*, 160 Cal. App. 4th 1272 (2008)....6

*CarMax Auto Superstores California, LLC v. Hernandez*, 94 F. Supp. 3d 1078 (C.D. Cal. 2015)....12

*Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916 (9th Cir. 2013)....7, 8, 9

*Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016)....14, 15

*Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930 (N.D. Cal. 2015)....15

*Conroy v. Citibank, N.A.*, No. CV 10-04930 SVW AJWX, 2011 WL 10503532 (C.D. Cal. July 22, 2011)....9

*Cory v. Golden State Bank*, 95 Cal. App. 3d 360 (1979)....3

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

*Dell Webb Communities, Inc. v. Carlson*, 817 F.3d 867 (4th Cir. 2016) .......... 14

*Dobbins v. Hawk's Enterprises*, 198 F.3d 715 (8th Cir. 1999) .......... 9, 10

*Eisan v. Wells Fargo Bank*, No. C-12-01331(EDL), 2013 WL 12173939, n.1 (N.D. Cal. Feb. 19, 2013) .......... 1

*Eshagh v. Terminix Int'l Co., L.P.*, 588 F. App'x 703 (9th Cir. 2014) .......... 14

*Fitz v. NCR Corp.*, 118 Cal. App. 4th 702 (2004) .......... 12

*Free Range Content, Inc. v. Google Inc.*, No. 14-CV-02329-BLF, 2016 WL 2902332 (N.D. Cal. May 13, 2016) .......... 6

*Grabowski v. Robinson*, 817 F. Supp. 2d 1159 (S.D. Cal. 2011) .......... 12

*Green Tree Financial Corporation Alabama v. Randolph*, 531 U.S. 79 (2000) .......... 8, 9

*Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77 (2003) .......... 8

*Haisha Corp. v. Sprint Sols., Inc.*, No. 14CV2773-GPC MDD, 2015 WL 224407 (S.D. Cal. Jan. 15, 2015) .......... 11

*Han v. Mobil Oil Corp.*, 73 F.3d 872 (9th Cir.1995) .......... 13

*Harper v. Ultimo*, 113 Cal. App. 4th 1402 (2003) .......... 12

*Herrerra v. CarMax Auto Superstores California, LLC*, No. CV-14-776-MWF (VBKx), 2014 WL 3398363 (C.D. Cal. July 2, 2014) .......... 12

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 838 F. Supp. 2d 967 (C.D. Cal. 2012) .......... 13

*Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003) .......... 6

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

*James v. McDonald's Corp.*,
417 F.3d 672 (7th Cir. 2005) .......... 7, 9

*Karimy v. Associated Gen. Contractors of Am.-San Diego Chapter, Inc., Apprenticeship & Training Tr. Fund*,
No. 08-CV-297-L(CAB), 2009 WL 10671523 (S.D. Cal. Mar. 30, 2009) .......... 12

*Keating v. Superior Court*,
31 Cal. 3d 584 (1982) .......... 6

*Kilgore v. KeyBank, Nat. Ass'n*,
718 F.3d 1052 (9th Cir. 2013) .......... 8

*Knutson v. Sirius XM Radio Inc.*,
771 F.3d 559 (9th Cir. 2014) .......... 2, 3

*Lambright v. Fed. Home Loan Bank of San Francisco*,
No. C 07-4340 CW, 2007 WL 4259552 (N.D. Cal. Dec. 3, 2007) .......... 10

*Laughlin v. VMware, Inc.*,
2012 WL 298230 (N.D. Cal. Feb. 1, 2012) .......... 11, 13

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*,
449 F. App'x 704 (10th Cir. 2011) .......... 14

*Lopez v. Ace Cash Express, Inc.*,
No. LA CV11-04611 JAK, 2012 WL 1655720 (C.D. Cal. May 4, 2012) .......... 15

*Loral Corp. v. Moyes*,
174 Cal. App. 3d 268 (1985) .......... 11

*Martinez v. Leslie's Poolmart, Inc.*,
No. 8:14-CV-01481-CAS, 2014 WL 5604974 (C.D. Cal. Nov. 3, 2014) .......... 15

*Mercuro v. Superior Court*,
96 Cal. App. 4th 167 (2002) .......... 11

*Miguel v. JPMorgan Chase Bank, N.A.*,
No. CV 12-3308 PSG PLAX, 2013 WL 452418 (C.D. Cal. Feb. 5, 2013) .......... 5

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) .......... 10

*Monex Deposit Co. v. Gilliam*,
671 F. Supp. 2d 1137 (C.D. Cal. 2009) .......... 8

SNELL & WILMER L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

*Moody v. Metal Supermarket Franchising Am. Inc.*,
No. C 13-5098 PJH, 2014 WL 988811 (N.D. Cal. Mar. 10, 2014)......................11

*Morris v. Redwood Empire Bancorp*,
128 Cal. App. 4th 1305 (2005) ........................................................................5, 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)..............................................................................................14

*Mundi v. Union Sec. Life Ins. Co.*,
555 F.3d 1042 (9th Cir. 2009) ..........................................................................14

*Muriithi v. Shuttle Exp., Inc.*,
712 F.3d 173 (4th Cir. 2013) ............................................................................10

*N.L.R.B. v. Lantz*,
607 F.2d 290 (9th Cir. 1979) ..............................................................................8

*Newton v. Am. Debt Servs., Inc.*,
854 F. Supp. 2d 712 (N.D. Cal. 2012)................................................................6

*Nghiem v. NEC Elec., Inc.*,
25 F.3d 1437 (9th Cir. 1994) ..........................................................................2, 4

*Norcia v. Samsung Telecommunications Am., LLC*,
845 F.3d 1279 (9th Cir.) ..................................................................................2, 3

*O'Hanlon v. JPMorgan Chase Bank, N.A.*,
2015 WL 5884844 (C.D. Cal. Oct. 7, 2015) .......................................................6

*Opalinski v. Robert Half Int'l Inc.*,
761 F.3d 326 (3d Cir. 2014) ..............................................................................14

*Oracle America, Inc. v. Myriad Group A.G.*,
724 F.3d 1069 (9th Cir. 2013) ..........................................................................15

*Oxford Health Plans LLC v. Sutter*,
569 U.S. 564 (2013)..........................................................................................15

*Parada v. Superior Court*,
176 Cal. App. 4th 1554 (2009) ...........................................................................8

*Perez v. DirecTV Grp. Holdings*, LLC,
251 F. Supp. 3d 1328 (C.D. Cal. 2017).........................................................2, 3, 7

*Perez v. Safety-Kleen Sys., Inc.*,
No. C05-5338PJH, 2007 WL 1848037 (N.D. Cal. June 27, 2007)......................13

*Pinnacle Museum Tower Assn.*,
55 Cal. 4th at 236.................................................................................................4

*Pokorny v. Quixtar, Inc.*, 601 F.3d 987 (9th Cir. 2010) ........ 5, 7, 12

*Poublon v. C.H. Robinson Company*, 846 F.3d 1251 (9th Cir. 2017) ........ 5, 6, 12, 13

*Quiroz v. Cavalry SPV I, LLC*, 217 F. Supp. 3d 1130 (C.D. Cal. 2016) ........ 3

*Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594 (6th Cir. 2013) ........ 14

*Reed v. Florida Metro. Univ., Inc.*, 681 F.3d 630 (5th Cir. 2012) ........ 15

*Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) ........ 12

*Sanchez v. CarMax Auto Superstores Cal. LLC*, 224 Cal. App. 4th 398 (2014) ........ 12

*Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899 (2015) ........ 5, 6, 7

*Sanchez v. Valencia Holding Co., LLC*, 201 Cal.App.4th 74 (2011) ........ 6

*Sandquist v. Lebo Auto., Inc.*, 1 Cal. 5th 233 (2016) ........ 14

*Saravia v. Dynamex, Inc.*, 310 F.R.D. 412 (N.D. Cal. 2015) ........ 6

*Smith v. Vmware, Inc.*, No. 15-CV-03750-TEH, 2016 WL 54120, n.3 (N.D. Cal. Jan. 5, 2016) ........ 11

*Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038 (9th Cir. 2001) ........ 12

*Southland Corp. v. Keating*, 465 U.S. 1 (1984) ........ 6

*Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519 (1997) ........ 11

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) ........ 14

*Stutler v. T.K. Constructors Inc.*, 448 F.3d 343 (6th Cir. 2006) ........ 7

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

*Tompkins v. 23andMe, Inc.*, 840 F.3d 1016 (9th. Cir. 2016) ........ 9, 10, 11

*Totten v. Kellog Brown & Root*, No.5:15-cv-1876-ODW-KKx, 2016 WL 9344021 (C.D. Cal. Feb. 16, 2016) ........ 4

*Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal App. 3d 987 (1972) ........ 3

*Winig v. Cingular Wireless LLC*, No. C 06 4297 MMC, 2006 WL 2766007 (N.D. Cal. Sept. 27, 2006) ........ 6

*Wolschlager v. Fid. Nat. Title Ins. Co.*, 111 Cal. App. 4th 784 (2003) ........ 2, 4

*Xyience Beverage Co., LLC v. Statewide Beverage Co., Inc.*, No. CV1502513MMMAJWX, 2015 WL 13313487 (C.D. Cal. Oct. 30, 2015) ........ 1

**Other Authorities**

AAA Commercial Arbitration Rules and Mediation Procedures ........ 15

California Practice Guide: Alt. Disp. Res. ¶¶ 8:3-4 (2017) ........ 1

JAMS Streamlined Arbitration Rules & Procedures of JAMS, Rule 1(a) ........ 15

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER L.L.P. LAW OFFICES 600 ANTON BLVD, SUITE 1400 COSTA MESA, CALIFORNIA 92626-7689

## I. PLAINTIFFS AGREED TO ARBITRATE

Not one of the 22 Plaintiffs deny they agreed to arbitrate any dispute "arising from or relating to" the Retailer Agreement. [Dkt. 76-6, Ex. 28, § 21; Ex. 29, § 21; Ex. 30, §§ 6.3-6.4; Dkt. 82-1, 84-2 to 84-21.] They admit "Plaintiffs had to sign some version of an Independent Consultant Program Application and Agreement ... with a LLR defendant." [Dkt. 81, 1:15-17.] For 20 of the 22 Plaintiffs who signed the later two versions of the Retailer Agreements, that, alone, is sufficient to establish an agreement to arbitrate. Judge H. Warren Knight (Ret.) et al., CALIFORNIA PRACTICE GUIDE: ALT. DISP. RES. ¶¶ 8:3-4 (2017) (details of arbitration can be filled by statutes or administrator). And *all* 22 had access to the incorporated P&P and signed the Retailer Agreement which shows their agreement to arbitrate.

A few of the Plaintiffs appear to argue (with no declaration) that their return of the first and signed last page of the Retailer Agreement does not show consent to the entire agreement.[1] It is fair to infer, especially since Plaintiffs sue on these agreements, that returning those pages—as was the practice at that time—communicated agreement to the entire document.[2] [Dkt. 81, p. 5, n. 9.]

Plaintiffs raise arguments (unsupported by declarations) that the P&P were not made available to Plaintiffs or were not incorporated by reference. The P&P are

---

[1] The claim that Patton did not sign her agreement is a red herring. In Ex. 52 Patton emailed her agreement: "Attached please find my Onboarding Application . . ." and her name is typed on the signature line. *Eisan v. Wells Fargo Bank*, No. C-12-01331(EDL), 2013 WL 12173939, at *5, n.1 (N.D. Cal. Feb. 19, 2013) (signature can be typewritten); *Xyience Beverage Co., LLC v. Statewide Beverage Co., Inc.*, No. CV1502513MMMAJWX, 2015 WL 13313487, at *7 (C.D. Cal. Oct. 30, 2015) (typed signature at bottom of email). She did not deny entering her agreement in her declaration and sued for breach of that agreement. Plaintiffs suggest that Patton and McGurn did not have access to the Back Office. Neither testified to that nor disputed Defendants' evidence of access. [Dkt. 76-7, ¶¶ 7-8, 14, 67-68.]

[2] Healy's contract is missing paragraphs because she submitted a poor copy, but she does not dispute that she signed the contract, the arbitration paragraph is there, and we have the form she signed. [Dkt. 76-11, Ex. 48; Dkt. 76-6, Ex. 28.]

repeatedly referenced as a separate document in the Retailer Agreement. [*See e.g.*, Dkt. 76-6, Ex. 27, ¶¶ 6, 11, 13; Ex. 28, ¶¶ 5, 7, 8, 15, 19, 21; Ex. 29, ¶¶ 8, 11, 13, 15, 25.] Twenty of the 22 Plaintiffs affirmatively represented in their Retailer Agreement that they read and agreed to the P&P; and no Plaintiff denies doing so in their declarations. [Dkt. 76-6, Ex. 28, ¶ 5; Ex. 29, ¶ 11; Dkt. 82-1, 84-2 to 84-21.]

All that is required is a showing that the terms of the document are available. *Wolschlager v. Fid. Nat. Title Ins. Co.*, 111 Cal. App. 4th 784, 791 (2003), as modified (Aug. 27, 2003). Even if Plaintiffs did not see the P&P until after signing the Retailer Agreement, its terms are enforceable. *Amirhamzeh v. Wells Fargo Bank, N.A.*, No. 14-CV-02123-VC, 2014 WL 12610227, at *2 (N.D. Cal. Oct. 31, 2014). And there is no requirement that the arbitration agreement be signed or initialed. *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994). The P&P and First Amendment were, at minimum, available to each Retailer on the Back Office, on request from LLR, and from the Retailer who referred the new Retailer to LLR.[3] [Dkt. 76-2, ¶ 3; Dkt. 76-6, ¶¶ 6-7; Dkt. 76-7, ¶¶ 4, 7; Dkt. 76-15, ¶ 2.]

Plaintiffs cite *Perez v. DirecTV Grp. Holdings*, LLC, 251 F. Supp. 3d 1328, 1339-40 (C.D. Cal. 2017), *Norcia v. Samsung Telecommunications Am., LLC*, 845 F.3d 1279 (9th Cir.) and *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559 (9th Cir. 2014), but these cases are far off the mark. The *Perez* transaction was conducted in Spanish and the available Spanish contract translation was not provided. 251 F. Supp. 3d. at 1334. Contrary to DirecTV's normal practice, the separate incorporated customer agreement was initially withheld from the plaintiff, and there was no evidence the plaintiff had internet access to view the document. *Id.* at 1337-40. The court concluded the process (evidenced by the plaintiff's declaration) was so confusing that "it would not be clear to a reasonable person reviewing the

---

[3] The argument that emails announcing the amendment were not titled seriously is disingenuous as the emails indicated that the P&P "were amended to update choice of law to California and venue to Riverside County, CA." [Dkt. 76-14, Exs. 59, 61.]

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

[Agreement] what document is being referenced"—the underlying agreement or the separate incorporated agreement. *Id*. at 1338. Also fatal was that the contract allowed DirecTV to litigate the plaintiff's claims in court. *Id.* at 1339-40.

The Retailer Agreements clearly incorporate a separate P&P document. Plaintiffs have not even attempted to counter the evidence that the P&P were known or available to them at the time of the agreements. [Dkt. 81, p. 5, n. 9; Dkt. 76-7, ¶¶ 4, 7.] Plaintiffs' emails and declarations show they regularly obtained information and interacted with LLR via the internet and email. [Dkt. 76-2, ¶ 4, Ex. 1; 76-7, Ex. 45; Dkt. 84-7, ¶ 5.] Unlike *Perez,* it is clear that the arbitration provisions cover the Plaintiffs' claims, for both sides.

*Norcia* involved a consumer's "in the box contract" for a Samsung phone from Verizon. The court found that a reasonable person would not know that a brochure in the box contained a promise to arbitrate with a different party. 845 F.3d at 1285-86, 1289. *Knutson* involved a Toyota consumer with a free satellite radio trial who later received a welcome packet with an arbitration provision from Sirius XM Radio. *Knutson*, 771 F.3d at 562-63, 567. Neither consumer was aware he was entering into any agreement with the other party.

Plaintiffs' other cases are distinguishable as they had terms that were inconspicuous or in fine print in relation to the rest of the agreement. *Cory v. Golden State Bank*, 95 Cal. App. 3d 360, 365 (1979); *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal App. 3d 987, 990 (1972).

Plaintiffs fail to distinguish Defendants' cases. As to *Amirhamzeh*, 2014 WL 12610227, at *2, Plaintiffs argue they could not walk away from their agreements without penalty, but the court's point was the consumer accepted the arbitration provision though she only received it after joining, because she received services after receipt and paid monthly fees. *Id*. at *2. In *Quiroz v. Cavalry SPV I, LLC*, 217 F. Supp. 3d 1130, 1135 (C.D. Cal. 2016), the court did not simply find acceptance of the agreement due to failure to opt out, but also that plaintiff's use of the account

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

and payment of bills showed acceptance. *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) and *Pinnacle Museum Tower Assn.*, 55 Cal. 4th at 236 stand for the principle that actions other than a signature can show agreement.

Plaintiffs mainly ignore *Wolschlager*, 111 Cal. App. 4th at 790 that enforced an arbitration agreement in a title policy incorporated by reference in a preliminary title report. The report did not mention arbitration and generically referenced the policy. But the court found that the policy was incorporated into the report and available at the insurer's office; it did not require mailing for incorporation.

Plaintiffs argue that other, unknown versions of the P&P existed before Plaintiffs signed their agreements. [Dkt. 81, p. 7, n. 10, p. 10.] Defendants offered to exchange contract documents with Plaintiffs before the motion; Plaintiffs refused to share their contracts or P&Ps with us (or the Court).[4] [Weldon Decl. ¶ 4.] Defendants' motion includes the only version of the P&P incorporated into each Plaintiff's Retailer Agreement—the P&P that was available to Retailers from June 3, 2015 to present. [Dkt. 76-6, ¶ 6, Ex. 30.] The earliest date of Plaintiffs' Retailer Agreement was June 29, 2015. [Dkt. 76-7, Ex. 55.] No other version of the P&P is applicable to the 22 Plaintiffs.

It bears repeating, 20 Plaintiffs signed a Retailer Agreement, each affirming she "has read and agrees to comply with the Policies and Procedures." [*See, e.g.*, Dkt. 76-6, Ex. 28, ¶ 5; Ex. 29, ¶ 11.] The other two Plaintiffs, at minimum, had ready access to the P&P and the First Amendment. [Dkt. 76-2, ¶ 3; Dkt. 76-6, ¶¶ 6-7; Dkt. 76-7, ¶¶ 4, 7; Dkt. 76-15, ¶ 2.] "'When a party signs a document agreeing that he/she has read the arbitration agreement, the burden shifts to them to demonstrate they did not agree to arbitrate.'" *Totten v. Kellog Brown & Root*, No.5:15-cv-1876-ODW-KKx, 2016 WL 9344021 (C.D. Cal. Feb. 16, 2016) *4 (citation omitted). No Plaintiff testifies she did not actually see, read and agree to

[4] The other documents incorporated into the Retailer Agreements did not contain any arbitration agreement. [Lyon Decl. ¶¶ 4-6.]

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

the arbitration provisions in the contract or policies (or provide their contracts to the Court).[5]

## II. THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE

Unconscionability is "highly dependent" on all the circumstances, including whether a party is an employee, a consumer, or in a business to business relationship. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911-912 (2015); *Morris v. Redwood Empire Bancorp,* 128 Cal. App. 4th 1305, 1322 (2005).

### A. The agreement is not procedurally unconscionable

**No Oppression.** Plaintiffs argue that the Retailer Agreement is a contract of adhesion and therefore is oppressive, citing *Armendariz v. Found. Health Psychcare Servs.*, 24 Cal. 4th 83 (2000) and *Pokorny v. Quixtar, Inc.*, 601 F.3d 987 (9th Cir. 2010). *Armendariz* does not, as Plaintiffs misstate, hold contracts of adhesion to be "inherently oppressive," but rather holds that *if* a contract is adhesive, the court must then decide if it is also unduly oppressive. *Armendariz,* 24 Cal. 4th at 113. A later Ninth Circuit case, *Poublon v. C.H. Robinson Company*, 846 F.3d 1251, 1263 (9th Cir. 2017) disapproved *Pokorny* and held adhesion is not enough to avoid enforcement: "'the degree of procedural unconscionability of [such] an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'" (citation omitted).

Plaintiffs offer employment cases to argue the Court should disregard the business alternatives available to Plaintiffs, ignoring the commercial context of

---

[5] Plaintiffs miss the point of *Miguel v. JPMorgan Chase Bank, N.A.*, No. CV 12-3308 PSG PLAX, 2013 WL 452418, at *4 (C.D. Cal. Feb. 5, 2013). The court found the plaintiff "cannot claim that he failed to review the provisions of the Arbitration Agreement where he signed a document to indicate that he read it." The court did not find that a reference to the incorporated document had to be bolded or underlined. The court also did not hold that there had to be an opt-out, but instead found that "'a compulsory predispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take it or leave it' basis.'" *Id*. (citation omitted).

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

their relationship. *O'Hanlon v. JPMorgan Chase Bank, N.A.*, 2015 WL 5884844 at *1 (C.D. Cal. Oct. 7, 2015); *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003). The claim that Plaintiffs are analogous to employees because they were trying to make money fails as that is the objective of anyone in business. "[A] provision for arbitration in a commercial context is quite common, and reasonably to be anticipated." *Keating v. Superior Court*, 31 Cal. 3d 584, 595 (1982), reversed in part on other grounds by *Southland Corp. v. Keating*, 465 U.S. 1 (1984); *Morris*, 128 Cal.App.4th at 1320 (meaningful choice existed in merchant contract).

Plaintiffs cite two consumer cases where the court did not consider other alternatives, but they are not applicable in a commercial context. *Newton v. Am. Debt Servs., Inc.*, 854 F. Supp. 2d 712 (N.D. Cal. 2012); *Winig v. Cingular Wireless LLC*, No. C 06 4297 MMC, 2006 WL 2766007 (N.D. Cal. Sept. 27, 2006). Plaintiffs rely on *Sanchez v. Valencia Holding Co., LLC*, 201 Cal.App.4th 74 (2011), but this case was reversed. *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th (2015). The non-employment/non-consumer case Plaintiffs cite, *Free Range Content, Inc. v. Google Inc.*, No. 14-CV-02329-BLF, 2016 WL 2902332, at *7-8 (N.D. Cal. May 13, 2016), is inapplicable because it did not relate to arbitration and held that it was too early to decide unconscionability on a motion to dismiss.

**No Surprise.** The documents are not long. [Dkt. 81 at 18; *see* Dkt. 76-6, Exs. 27- 31.] Each uses the same font as the rest of the provisions (the Retailer Agreement) or uses headings and bolding to highlight arbitration (the P&P and First Amendment). LLR had "no obligation to highlight the arbitration clause." *Sanchez*, 61 Cal. 4th at 914-15. And "incorporation by reference, without more, does not affect the finding of procedural unconscionability." *Poublon*, 846 F.3d at 1262.

We are a far cry from the cases Plaintiffs cite. In *Bruni v. Didion*, 160 Cal. App. 4th 1272 (2008), the arbitration provisions in a consumer agreement were one page of a 30-page booklet printed in single-spaced, 10 point font. *Id*. at 1293. *Saravia v. Dynamex, Inc.*, 310 F.R.D. 412, 416, 420 (N.D. Cal. 2015), involved a

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Spanish speaker and the English provision was "formatted identically to the rest of the provisions," "buried in more than ten pages of mostly boilerplate language." *Perez* involved a Spanish speaker who was provided an English contract. 251 F. Supp. 3d at 1345. *Pokorny*, 601 F.3d 987 involved a very different provision that created an unclear, multi-step dispute resolution process and the plaintiffs were not given an opportunity to review the full provision. *Id*. at 992-93, 997. *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013) did not speak to the principle of incorporation by reference. Plaintiffs' other cases [Dkt. 81 at 19], which involve the failure to provide arbitration rules, were dispatched by *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016), which held this is irrelevant where plaintiff's challenge has "nothing to do" with the rules.

**B. The agreement is not substantively unconscionable**

**Cost.** The notion that an arbitration agreement can be invalidated where it is "prohibitively expensive" (not just "high, excessive, or extravagant") must be construed narrowly. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 244 (2013). Courts have limited this doctrine to the protection of federal statutory rights. *Stutler v. T.K. Constructors Inc.*, 448 F.3d 343, 346 (6th Cir. 2006). Otherwise it would "limit the enforcement of arbitration agreements to situations in which all of the parties to the agreement are wealthy," an "absurd result."[6] *Id.; James v. McDonald's Corp.*, 417 F.3d 672, 679 (7th Cir. 2005) (questioning if cost analysis applied to common law or state claims). Using such a rule to avoid arbitration is also preempted by the FAA as it "would have a disproportionate impact on arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011).

In California, the rule against requiring employees to bear costs of arbitration is limited to that context. *Sanchez*, 61 Cal. 4th at 918. Plaintiffs' cases are

[6] At least two Plaintiffs report monthly incomes (when signing the Retailer Agreement) annualizing over six-figures and another six Plaintiffs report incomes that annualize close to six-figures. [Dkt. 82-1; 84-2 to 84-21.]

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

distinguishable as they are actions by consumers (*Parada v. Superior Court*, 176 Cal. App. 4th 1554 (2009) and *Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77 (2003)), or employees (*Chavarria*, 733 F.3d at 916). In the consumer context, the Ninth Circuit rejected the assertion that students cannot afford arbitration with a bank. *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). *Gutierrez* is further distinguished as defendant never contested plaintiffs' claims of inability to pay. *Gutierrez*, 114 Cal. App. 4th at 91. *Parada* is further distinguished as it required a costly three-arbitrator panel. *Parada*, 176 Cal. App. 4th at 1581. As the court in another Monex case explained, because "the requirement of three arbitrators was the primary factor motivating the *Parada* court's finding that the agreement was unconscionable[], . . . the lack of this requirement [is] significant and, along with other factual differences, distinguishes *Parada* from this case." *Monex Deposit Co. v. Gilliam*, 671 F. Supp. 2d 1137, 1143 (C.D. Cal. 2009).

Plaintiffs also fail to carry their burden of proof that individual arbitration is "prohibitively expensive." *Green Tree Financial Corporation Alabama v. Randolph*, 531 U.S. 79, 92 (2000).[7] Plaintiffs in *Parada* submitted extensive evidence reflecting their inability to pay arbitration fees at the time they signed the agreement, including evidence of their and their spouses' assets and liabilities—the value of their home, car, bank accounts, furniture, and other assets (and then clarifying there were no other substantial assets), as well as amounts of mortgages, credit cards, or outstanding loans. *Parada*, 176 Cal. App. 4th at 1574, 1582-83. None of the Plaintiffs here fully disclosed their assets—their cash, houses, cars, accounts, investments, and other assets. [*See* Dkt. 82-1, 84-2 to 84-21.] Bianchi submitted no declaration. Berry, Bluder, and Lemberg omit evidence of their income entirely. Of those disclosing income, all but two disclose income in excess of expenses. Most use vague terms to describe their finances; sometimes by

---

[7] *N.L.R.B. v. Lantz*, 607 F.2d 290, 296 (9th Cir. 1979)(adverse inference for failure to provide available stronger evidence).

household, sometimes individually. Plaintiffs' partial disclosure of their LuLaRoe sales raises more questions. Five Plaintiffs did not disclose their sales at all [Berry, Bianchi, Bluder, Lemberg, Patton]; and none of the remaining Plaintiffs clearly reported retail sales. Seven Plaintiffs reported the "worth" of sales [Burke-Craig, Haskett, Healy, Johnson, McGurn, Rocke, Tighe-Schwegler], not explaining whether that meant retail sales, wholesale value, or something else. Ten Plaintiffs reported "retail value worth" or something similar [Apana, Atkinson, Brown, Carrillo, Hall, Hayton, Laurence, Lien, Scheffer, Stuckart], not stating the actual amount of their retail sales. [Dkt. 82-1; 84-2 to 84-21.] [8]

Plaintiffs also failed to "fully explore[] the AAA's fee waiver procedures," as required to show that costs of arbitration are "prohibitively expensive."[9] *Dobbins v. Hawk's Enterprises*, 198 F.3d 715, 717 (8th Cir. 1999); *James v. McDonald's Corp.*, 417 F.3d 672, 679 (7th Cir. 2005); *Conroy v. Citibank, N.A.*, No. CV 10-04930 SVW AJWX, 2011 WL 10503532, at *5 (C.D. Cal. July 22, 2011).

Nor have Plaintiffs shown that the cost of arbitration would dwarf the amount of their individual claims. *Green Tree Fin. Corp.-Ala.*, 531 U.S. at 92; *Chavarria*, 733 F.3d at 925, n.5. Some Plaintiffs testify to the inventory they want to return, but the Complaint requests much more, including damages, restitution, disgorged profits, attorney's fees, and punitive damages. [Dkt. 45, pp. 50-51.]

The Court should disregard Plaintiffs' concerns about the cost of travel to California. *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1028-29 (9th. Cir. 2016).

---

[8] Defendants submitted records for *Plaintiff* Samantha Hall [Dkt. 76-17, Ex. 69, pp. 377-395], but also inadvertently included records for another retailer named Samantha Hall [Ex. 69, pp. 396-409], the court should disregard the latter. Defendants did not "fail" to produce purchase records for McGurn and Hayton; they did not purchase online after October 14, 2016, a relevant date to show acceptance of the First Amendment.

[9] Plaintiffs now acknowledge that the daily rate for one AAA neutral in Riverside is $5,000. [Dkt. 82 (Godino Decl.) at ¶ 8.] But Plaintiffs now argue, without basis, that arbitration in this case would last 2-3 days, where they previously assumed a one-day arbitration. [Compare *Id*. at ¶ 9; Dkt. 49-1, ¶ 10.]

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

Even if the court considered this, Plaintiffs fail to demonstrate why travelling to California to arbitrate is any more burdensome than litigating the same claims here (or how they can represent a class if they cannot come to court). *Id*. at 1029-30.

Finally, in the unlikely event the Court finds that (i) arbitration costs are legally relevant in our type of case and (ii) individual Plaintiffs carried their burden to prove individual arbitration prohibitively expensive, Defendants offer to pay those Plaintiffs' arbitration costs on their individual claims. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1212 (9th Cir. 2016) (declining to reach issue where defendant committed to paying costs); *Dobbins v. Hawk's Enterprises*, 198 F.3d 715, 717 (8th Cir. 1999) (court should accept offer to pay if it finds fee unreasonable); *Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 183 (4th Cir. 2013) (plaintiff failed to carry "substantial burden," shown by offer to pay costs).

**Mutuality**. Plaintiffs concoct an argument they did not raise in opposition to our first arbitration motion—Defendants do not have to arbitrate anything based on paragraph 6.1 of the P&P. This paragraph says no such thing.[10] Paragraph 6.1, Disciplinary Sanctions, allows LLR to respond to poor conduct, from written warning to termination, and paragraphs 15 and 25 of version 6.5.1 and 9 and 20 of version 4.0 of the Retailer Agreement allow termination. Even in the employment context, an employer can discipline an employee without advance arbitration. *Lambright v. Fed. Home Loan Bank of San Francisco*, No. C 07-4340 CW, 2007 WL 4259552, at *9 (N.D. Cal. Dec. 3, 2007). Plaintiffs conflate LLR's permitted contractual behavior with dispute resolution; LLR is still required to arbitrate, including disputes involving discipline.

Plaintiffs relegate their other arguments to a footnote, pointing to the carve-out for protection of intellectual property rights, which is not overly one-sided.[11]

---

[10] The point is the same for paragraph 6.2 of the P&Ps.

[11] The California Supreme Court has rejected arguments that a carve-out for provisional relief was unconscionable. *Baltazar*, 62 Cal. 4th at 1246.

The Retailers also have intellectual property rights including their own websites, customer lists, trade names, or trademarks to conduct their own business. *Tompkins*, 840 F.3d at 1031 (modicum of bilaterality where customers retained ability to litigate intellectual property rights). That Retailers grant LLR a license to a subset of their intellectual property rights [Dkt. 76-6, Ex. 28 at ¶ 25; Ex. 29 at ¶ 34] confirms that Retailers have protectable intellectual property rights. In *Laughlin v. VMware, Inc.*, the court held that a carve-out allowing the employer to seek injunctive relief to protect its intellectual property was "reasonably justified by a business purpose, and therefore not so unfairly one-sided as to be deemed unconscionable." No. 5:11-CV-00530 EJD, 2012 WL 298230, at *6 (N.D. Cal. Feb. 1, 2012). Likewise, the carve-out for enforcement of the non-solicitation provision is not unreasonably one-sided. *Smith v. Vmware, Inc.*, No. 15-CV-03750-TEH, 2016 WL 54120, at *4-5, n.3 (N.D. Cal. Jan. 5, 2016) (employer's carve out for enforcement of non-solicitation, confidential information, and inventions provisions "reasonably justified by a business purpose"); *Laughlin*, 2012 WL 298230, at *6 (same); *Loral Corp. v. Moyes*, 174 Cal. App. 3d 268, 278-80 (1985) (same). [12]

[12] LLR's justifications in protecting its intellectual property and imposing a non-solicitation provision are apparent in the contract itself. [Dkt. 76-6, Lyon Decl. Ex. 30 at §§ 5.2, 5.3; Ex. 29 at ¶¶ 14, 16-17, 20, Ex. 28 at ¶¶ 9-12, 16; Ex. 27 at ¶¶ 8-10, 14.] *Laughlin*, 2012 WL 298230, at *6, n. 5 ("without the ability to restrain breaches of intellectual property [including non-competition clause], subsequent arbitration could be rendered meaningless"); *Haisha Corp. v. Sprint Sols., Inc.*, No. 14CV2773-GPC MDD, 2015 WL 224407, at *10 (S.D. Cal. Jan. 15, 2015); *Moody v. Metal Supermarket Franchising Am. Inc.*, No. C 13-5098 PJH, 2014 WL 988811, at *5 (N.D. Cal. Mar. 10, 2014)(abrogated on other grounds) (trademark holder has "commercial need that is not shared" by franchisee to protect trademarks and confidential information and impose non-compete covenant). The cases cited by Plaintiffs in fn. 22 either compelled arbitration or were state cases, where the employer conceded "manifest one-sidedness" or advised employee the agreement "probably would not hold up in court." *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1534 (1997); *Mercuro v. Superior Court*, 96 Cal. App. 4th 167, 173 (2002).

None of Plaintiffs' cases are in the commercial context and they are distinguishable. *Karimy v. Associated Gen. Contractors of Am.-San Diego Chapter, Inc., Apprenticeship & Training Tr. Fund*, No. 08-CV-297-L(CAB), 2009 WL 10671523, at *3 (S.D. Cal. Mar. 30, 2009) (employee); *Baker v. Osborne Dev. Corp.*, 159 Cal. App. 4th 884, 896 (2008) (consumer); *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 724 (2004) (employee, and unconscionability based on provision limiting discovery); *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1407 (2003) (consumer, and unconscionability based on Better Business Bureau rules). The first two cases had agreements allowing litigation of virtually all of one party's claims.

**Confidentiality**. Plaintiffs cite outdated law. *Grabowski v. Robinson*, 817 F. Supp. 2d 1159 (S.D. Cal. 2011); *AT & T Mobility II, LLC v. Pestano*, No. 07-cv-5463, 2008 WL 682523, at *7 (N.D. Cal. Mar. 7, 2008).[13] In *Poublon*, 846 F.3d at 1265, the Ninth Circuit found the confidentiality clause was not unconscionable, reversing the district court that relied on Ninth Circuit case *Pokorny*, 601 F.3d 987. The law was changed by the Court of Appeal, *Sanchez v. CarMax Auto Superstores Cal. LLC*, 224 Cal. App. 4th 398, 481-82 (2014), holding a confidentiality clause was not unconscionable. *Poublon*, 846 F.3d at 1265-67. Later cases upheld such clauses and rejected Plaintiffs' "repeat player" argument. *Herrerra v. CarMax Auto Superstores California, LLC*, No. CV-14-776-MWF (VBKx), 2014 WL 3398363 (C.D. Cal. July 2, 2014) *10 (citations omitted); *CarMax Auto Superstores California, LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1120-22 (C.D. Cal. 2015).

**Contractual limitation period.** It is clear that a contractual one year limitation—which only applies to the five Plaintiffs with version 6.5.1—is entirely enforceable.[14] *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1044 (9th Cir. 2001);

[13] The court in *Grabowski* ultimately enforced the arbitration provision, after severing three provisions. 817 F. Supp. 2d at 1179.

[14] The limitations period is outside of the arbitration clause and is for the arbitrator to decide. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-72 (2010). This

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

*Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir.1995) (franchise agreement); *Perez v. Safety-Kleen Sys., Inc.*, No. C05-5338PJH, 2007 WL 1848037, at *4-5, 8 (N.D. Cal. June 27, 2007) (six-month limitation applicable to statutory claims).

**C. <u>Any unconscionable term may be severed</u>**

A court may refuse to enforce an arbitration agreement only when it is "permeated by unconscionability." *Poublon*, 846 F.3d 1273. The strong preference is to sever. *Id*. The question is whether the "central purpose of the contract" is so tainted with illegality that there is no lawful object of the contract to enforce. *Id*. (citation omitted); *Laughlin*, 2016 WL 54120, at *7 (severing two provisions).

In *Poublon*, the court severed a broader provision requiring employees to submit all claims to arbitration, but allowing the employer to litigate in court claims for injunctive or equitable relief. 846 F.3d at 1263, 1273.

## III. ALL DEFENDANTS MAY COMPEL ARBITRATION

Plaintiffs change course from their initial opposition to our first arbitration motion, arguing that the non-signatories cannot enforce arbitration because "a mere but for test" is insufficient to apply equitable estoppel. [Dkt. 81 at 24.] Nothing in Defendants' motion implicates a "but-for test." Defendants invoked equitable estoppel because Plaintiffs: (1) alleged that they "entered into contractual agreements" with all "Defendants," (2) seek to hold Defendants liable for obligations related to the agreements, and (3) conflated Defendants throughout the Complaint. [Dkt. 76, p. 22.] Plaintiffs do not deny their claims against the non-signatories are "intimately intertwined" with obligations imposed by the agreement.

Plaintiffs ignore Defendants' cases and cite to cases finding no estoppel as the claims did not arise from the agreement with the arbitration provision. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 838 F. Supp. 2d 967, 994 (C.D. Cal. 2012) (acceleration claim unrelated to

---

separate clause in paragraph 33 of Retailer Agreement 6.5.1, also limits the time to bring "any action," not just in arbitration. [Dkt. 76-6, Ex. 29, p. 26.]

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

sales agreements); *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 449 F. App'x 704, 709 (10th Cir. 2011) (antitrust action unrelated to licensing agreement); *Boyd v. Homes of Legend, Inc.*, 981 F. Supp. 1423, 1431 (M.D. Ala. 1997) (warranty unrelated to purchase contracts); *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009)(bad faith claims unrelated to loan agreement).

## IV. THE COURT SHOULD COMPEL INDIVIDUAL ARBITRATION

Plaintiffs do not argue that class arbitration is appropriate, but instead argue that this court should defer to the arbitrator. [Dkt. 81. at 24-25.] Plaintiffs' assertion that the U.S. Supreme Court in *Stolt-Nielsen* "clarified that *the arbitrator* and *not a court* should decide issues involving class arbitration" is flat wrong. [*Id*. at 25 (emphasis in original).] *Stolt-Nielsen* instead hinted that it was a question for the court, but left the question open. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 680 (2010). In its wake, federal circuit courts have held that the availability of "classwide arbitration" is a question for the court absent clear agreement otherwise. *Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594 (6th Cir. 2013); *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 329 (3d Cir. 2014); *Dell Webb Communities, Inc. v. Carlson*, 817 F.3d 867, 876 (4th Cir. 2016). The Ninth Circuit has agreed that this is a question for courts to decide. *Eshagh v. Terminix Int'l Co., L.P.*, 588 F. App'x 703, 704 (9th Cir. 2014).[15]

The Third, Fourth, and Sixth Circuits also held that incorporating AAA rules does not show clear intent to delegate the question to the arbitrator. *Reed Elsevier, Inc.*, 734 F.3d at 599; *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 758 (3d Cir. 2016); *Dell Webb Communities, Inc.*, 817 F.3d at 869, 877;

---

[15] That *Sandquist v. Lebo Auto., Inc.*, 1 Cal. 5th 233, 252 (2016) holds otherwise carries no weight, as it involved a much broader arbitration clause and questions of arbitrability are governed by the "body of federal substantive law of arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). *Sandquist* was decided 4-3, drawing a dissent that noted the majority opinion conflicts with "every federal court of appeals to consider the issue on the merits."

*but see Reed v. Florida Metro. Univ., Inc.*, 681 F.3d 630, 635 (5th Cir. 2012), abrogated on other grounds by *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013).

Plaintiffs' assertion that the Ninth Circuit has held that incorporation of AAA rules indicates "clear and unmistakable evidence that the parties intended to delegate gateway questions to an arbitrator," begins rather than ends the question. [Dkt. 81 at 25 (*citing Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013).] *Oracle America* and the cases it cites are "entitled to relatively little weight in the class arbitrability context" because they implicate only "bilateral arbitration dispute case law." *Chesapeake Appalachia*, 809 F.3d at 764.

Although some district courts within this Circuit have held incorporation of the AAA rules sufficient to show consent for the arbitrator to decide class arbitrability, the only district court in this Circuit that has addressed an agreement that, like ours, references both the JAMS and AAA rules, has compelled individual arbitration. *Martinez v. Leslie's Poolmart, Inc.*, No. 8:14-CV-01481-CAS, 2014 WL 5604974, at *3 (C.D. Cal. Nov. 3, 2014); *see also Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 945 (N.D. Cal. 2015) (compelling individual arbitration despite incorporation of JAMS procedures); *Lopez v. Ace Cash Express, Inc.*, No. LA CV11-04611 JAK, 2012 WL 1655720, at *8 (C.D. Cal. May 4, 2012) (same re AAA rules). Here, JAMS and AAA Rules at issue do not mention each entity's separate class action rules. [Hawkins Decl., Exs. I, J; *see Cobarruviaz*, 143 F. Supp. 3d at 946 (incorporated JAMS Rules did not evidence agreement to class action rules). The parties' incorporation of the JAMS Streamlined Rules for small disputes is further evidence the parties intended individual arbitration. [*Id.*, Ex. I, Rule 1(a).]

Dated: March 30, 2018

SNELL & WILMER L.L.P.

By: */s/ Elizabeth M. Weldon*
Elizabeth M. Weldon
Attorneys for Defendants
LuLaRoe, LLC; LLR, Inc.; Mark Stidham, and DeAnne Brady

SNELL & WILMER
ATTORNEYS AT LAW
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

***Stella Lemberg, et al. v. LuLaRoe, LLC and LLR, Inc.***
**USDC, Central District of California, Case No. 5:17-cv-02102-AB-SHK**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2018, I electronically filed the document described as **Defendants' Reply in Support of Motion to Compel Plaintiffs to Individually Arbitrate and to Dismiss or Stay This Action; Memorandum of Points and Authorities** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Amber L. Eck
Aaron M. Olsen
Samantha A. Smith
HAEGGQUIST & ECK, LLP
225 Broadway, Suite 2050
San Diego, CA 92101

Tel: (619) 342-8000
Email:
ambere@haelaw.com
aarono@haelaw.com
samanthas@haelaw.com

Peter S. Pearlman
Kelly M. Purcaro
Matthew F. Gately
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663

Tel: (201) 845-9600
Email:
psp@njlawfirm.com
kmp@njlawfirm.com
mfg@njlawfirm.com

Kara M. Wolke
Mark Samuel Greenstone
Marc L Godino
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East Suite 2100
Los Angeles, CA 90067

Tel: 310-201-9150
Email:
kwolke@glancylaw.com
MGreenstone@glancylaw.com
mgodino@glancylaw.com

Jonathan Shub
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Tel: 215-238-1700
Email:
jshub@ kohnswift.com

Dated: March 30, 2018

SNELL & WILMER L.L.P.

By: */s/ Elizabeth M. Weldon*
Steven T. Graham
William S. O'Hare
Elizabeth M. Weldon
Attorneys for Defendants
LuLaRoe, LLC and LLR, Inc.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

***Stella Lemberg, et al. v. LuLaRoe, LLC and LLR, Inc.***
**USDC, Central District of California, Case No. 5:17-cv-02102-AB-SHK**

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On March 30, 2018, I served, in the manner indicated below, a true and correct copy of the foregoing document described as **Defendants' Reply in Support of Motion to Compel Plaintiffs to Individually Arbitrate and to Dismiss or Stay This Action; Memorandum of Points and Authorities** on the interested parties in this action:

***See attached Service List***

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐ BY OVERNIGHT DELIVERY: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

☒ BY ELECTRONIC MAIL: I caused such document(s) to be delivered electronically to the following email address(es): ambere@haelaw.com; aarono@haelaw.com; samanthas@haelaw.com; jshub@kohnswift.com; jwatson@justice4you.com; medelson@edelson-law.com; kwolke@glancylaw.com; Mgreenstone@glancylaw.com; ron@smolow.com; joshuakons@konslaw.com; AlexSchack@amslawoffice.com; natashaserino@amslawoffice.com; shannonnocon@amslawoffice.com; klandau@tcllaw.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 30, 2018, at Costa Mesa, California.

Diane Williams

Diane Williams

SNELL & WILMER L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

***Stella Lemberg, et al. v. LuLaRoe, LLC and LLR, Inc.***
**USDC, Central District of California, Case No. 5:17-cv-02102-AB-SHK**

***Service List***

| | |
|---|---|
| Kelly M. Purcaro<br>Matthew F. Gately<br>Peter S. Pearlman<br>COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP<br>Park 80 West – Plaza One<br>250 Pehle Avenue, Suite 401<br>Saddle Brook, NJ 07663 | Tel: (201) 845-9600<br>kmp@njlawfirm.com<br>mfg@njlawfirm.com<br>psp@njlawfirm.com |
| Kara M. Wolke<br>Mark Samuel Greenstone<br>Glancy Prongay and Murray LLP<br>1925 Century Park East Suite 2100<br>Los Angeles, CA 90067 | Tel: 310-201-9150<br>kwolke@glancylaw.com<br>Mgreenstone@glancylaw.com |
| Joshua H Watson<br>Law Offices of Clayeo C. Arnold APLC<br>111 West Ocean Boulevard 4th Floor<br>Long Beach, CA 90802<br>One South Broad Street Suite 2100<br>Philadelphia, PA 19107 | Tel: 562-516-8270<br>jwatson@justice4you.com |
| Alexander Schack<br>Natash N. Serino<br>Shannon F. Nocon<br>Law Office of Alexander M. Schack<br>16870 West Bernardo Dr., #300<br>San Diego, CA 92197 | Tel: 858-485-6535<br>AlexSchack@amslawoffice.com<br>natashaserino@amslawoffice.com<br>shannonnocon@amslawoffice.com |
| Joshua B. Kons<br>Law Offices of Joshua B. Kons, LLC<br>939 West North Avenue, Suite 750<br>Chicago, IL 60642 | Tel: 312-757-2272<br>joshuakons@konslaw.com |
| Amber L. Eck<br>Aaron M. Olsen<br>Samantha A. Smith<br>HAEGGQUIST & ECK, LLP<br>225 Broadway, Suite 2050<br>San Diego, CA 92101 | Tel: (619) 342-8000<br>ambere@haelaw.com<br>aarono@haelaw.com<br>samanthas@haelaw.com |
| Kevin Landau<br>Taus, Cebulash & Landau, LLP<br>80 Maiden Lane, #1204<br>New York, NY 10038 | Tel: 646-873-7654<br>klandau@tcllaw.com |

SNELL & WILMER L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

| | |
|---|---|
| Jonathan Shub<br>Kohn, Swift & Graf, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA 19107 | Tel: 215-238-1700<br>jshub@ kohnswift.com |
| John A. Yanchunis<br>Marcio W. Valladares<br>201 No. Franklin St., 7th Fl.<br>Tampa, FL 33602-3644 | Tel: 813-275-5272<br>JYanchunis@ForThePeople.com<br>MValladares@ForThePeople.com |
| Marc H. Edelson<br>Edelson and Associates LLC<br>3 Terry Drive Suite 205<br>Newton, PA 18940 | Tel: 215-867-2399<br>medelson@edelson-law.com |
| Ronald J. Smolow<br>Law Offices of Ronald Smolow<br>3 Three Ponds Lane<br>Newtown, PA 18940 | Tel: 215-579-1111<br>ron@smolow.com |