UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA LEMBERG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LULAROE, LLC D/B/A LULAROE, a California Limited Liability Company; LLR, INC., a Wyoming Corporation; MARK STIDHAM; DEANNE BRADY A/K/A DEANNE STIDHAM; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-02102-AB (SHKx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD** |

On January 24, 2019, Defendants LuLaRoe, LLC d/b/a LuLaRoe, a California limited liability company, LLR, Inc., a Wyoming corporation, Mark Stidham, and DeAnne Brady (collectively, "Defendants") filed a motion to confirm an arbitration award. Dkt. No. 100. Plaintiffs[1], on behalf of themselves and the putative class filed an opposition and Defendants replied. Dkt. Nos. 104, 105. The Court finds this matter appropriate for decision without oral argument and **VACATES** the hearing scheduled

---

[1] The term "Plaintiffs" refers to Stella Lemberg, Jeni Laurence, Amandra Bluder, Carissa Stuckart, Dana Apana, Karen Moss Brown, Shannon Carrillo, Samantha Hall, Natalie Lien, Melissa Atkinson, Aki Berry, Cheryl Hayton, Tiffany Scheffer, Lora Haskett, Ashley Healy, Jocelyn Burke-Craig, Brittany Bianchi, Kerry Tighe-Schwegler, Jini Patton, Laura Rocke, Stephenie McGurn, and Peggy Johnson.

1.

1  for March 29, 2019.  *See* Fed. R. Civ. P. 78; LR 7-15.  For the following reasons, the

2  Court **GRANTS** Defendants' motion.

3  **I.      BACKGROUND**

4         **a.  Plaintiffs' Allegations**

5         On October 13, 2017, Plaintiffs Stella Lemberg, Jeni Laurence, Amandra

6  Bluder, and Carissa Stuckart filed a complaint against LuLaRoe, LLC and LLR, Inc.

7  (collectively, "LLR").  Dkt. No. 1 ("Compl.").  Plaintiffs' claims are based on LLR's

8  "multi-level marketing scheme, whereby [LLR] created a 'direct-buyer' system so

9  consumers must go through 'representatives' or 'consultants'[2] to buy [LLR's]

10 clothing products."  Compl. ¶ 1.  Plaintiffs are former LLR consultants.  *Id.* ¶¶ 7-10.

11 All LLR consultants are required to expend upwards of $5,000 for a "start-up

12 inventory kit" of clothing and other promotional materials.  *Id.* ¶ 1.  Plaintiffs allege

13 that "[a]s bait to lure consultants to sign up and/or to purchase more inventory, in

14 April 2017, [LLR] promised consultants they could cancel their agreements with

15 [LLR] and be refunded 100% of the wholesale amount of inventory purchased,

16 including shipping charges.  *Id.*  Plaintiffs aver that LLR's claimed refund was in no

17 way provisional, however, LLR "reneged on its end of the bargain" and "[i]nstead of

18 honoring its 100% buyback and free shipping agreement, [LLR] is not providing free

19 shipping[,] and is honoring at most a 90% refund[,] . . . thereby cheating Plaintiffs and

20 the class out of thousands of dollars."  *Id.* ¶ 2.

21        Plaintiffs' Complaint raised various claims including: (1) violations of

22 California's Business and Professions Code §§ 17200, et seq.; (2) violations of

23 California's Unfair Advertising Law, Business & Professions Code §§ 17500, et seq.;

24 (3) quasi-contract (unjust enrichment); (4) breach of contract; (5) breach of covenant

25 of good faith and fair dealing; and (6) conversion.  *See id.*

26        On January 12, 2018, Plaintiffs filed a First Amended Complaint ("FAC")

27 ─────────────────────

28 [2] LLR "representatives" and "consultants" are also referred to as "retailers."

1   including additional Plaintiffs, all of whom are former LLR consultants[3].  FAC.  ¶ 13-
2   30.  The FAC newly alleges that LLR is an illegal pyramid scheme that violates
3   California's Seller Assisted Marketing Plan ("SAMP") Act §§ 1812.200, et seq.  *Id.* ¶
4   5.  Plaintiffs' FAC also includes claims for violations of California Penal Code § 327
5   and California Civil Code § 1689.2.  *Id.*  The FAC adds two additional Defendants:
6   Mark Stidham, co-founder of LuLaRoe, LLC and current CEO of LLR, Inc., and
7   DeAnne Brady, co-founder and current CEO of LuLaRoe, LLC.  *Id.*  ¶¶ 35–36.

8   ### b.  Defendants' Motion to Compel Arbitration

9   On March 9, 2018, Defendants filed a Motion to Compel Arbitration requesting
10  the Court to (1) compel Plaintiffs to arbitrate their claims on an individual basis; and
11  (2) dismiss Plaintiffs' FAC for Plaintiff's failure to arbitrate the dispute and failure to
12  mediate.  *See* Motion to Compel Arbitration (Dkt. No. 76).  The Court examined three
13  versions of Retailer Agreements signed by Plaintiffs and held that Plaintiffs had
14  "assented to the Policies and Procedures, and Plaintiffs [did] not dispute that their
15  claims fall within the scope of the arbitration provision".  Dkt. No. 95 ("Order to
16  Compel Arbitration") at 5.  Further, the Court determined the arbitration provision
17  was not procedurally or substantively unconscionable.  *Id.* at 10-13.

18  Defendants also requested that the Court determine class arbitrability.  The
19  Court declined to do so and determined that the issue of whether Plaintiffs' claims
20  could proceed on a class-wide basis was a question best left for the arbitrator.  *Id.* at
21  15-16.  The Court stayed the action pending arbitration of Plaintiffs' claims.  *Id.* at 17.

22  ### c.  JAMS Arbitration

23  On April 20, 2018, Defendants filed twenty-two (22) Demands for Arbitration

24

---

25  [3] The FAC adds the following additional named Plaintiffs:  Dana Apana, Karen Moss
26  Brown, Shannon Carrillo, Samantha Hall, Natalie Lien, Melissa Atkinson, Aki Berry,
    Cheryl Hayton, Tiffany Scheffer, Lora Haskett, Ashley Healy, Jocelyn Burke-Craig,
27  Brittany Bianchi, Kerry Tighe-Schwegler, Jini Patton, Laura Rocke, Stephenie
    McGurn, and Peggy Johnson.  (*See* FAC.)
28

1   on behalf of each of the named Plaintiffs.  Defendants' demands sought resolution on

2   threshold issues including: (1) whether each Plaintiff must submit her claims to

3   binding arbitration on an individual basis, and not a class basis; (2) whether each

4   Plaintiff must first individually mediate her claims before proceeding with arbitration

5   of those claims in accordance with the parties' contracts; (3) whether any such

6   individual arbitration be stayed pending individual mediation between the parties; and

7   (4) for such other relief as the arbitrator deems necessary or appropriate. Declaration

8   of Elizabeth Weldon ("Weldon Decl.") Ex. 1 (Dkt. No. 100).  On April 27, 2018,

9   Plaintiffs filed a Demand for Class Arbitration, realleging the claims asserted in this

10  action.  *Id.* Ex. 2.  In their demand, Plaintiffs sought an administrative conference to

11  determine, among other things, "whether this claim may proceed on a class action

12  basis, and the proper mechanism for making that determination"  *Id.*

13       On June 14, 2018, JAMS commenced arbitration for Defendants' 22 individual

14  demands.  On June 20, 2018, JAMS commenced arbitration for Plaintiffs' single

15  demand.  Both arbitrations were subject to the JAMS Streamlined Arbitration Rules.

16  *Id.* Exs. 3-4.  JAMS appointed Judge (Ret.) Nancy Wiedben Stock (the "Arbitrator")

17  to decide all threshold issues in the arbitration.  The Arbitrator held an initial call with

18  counsel to determine the scope of the threshold issues.  *Id.* Ex. 7.  In addition to the

19  initial telephonic conference call, the Arbitrator reviewed opening briefs submitted by

20  the parties and held a hearing on December 6, 2018.  *Id.* Ex. 8.  On January 2, 2019

21  the Arbitrator issued her Partial Final Award (the "Award") determining that

22  Plaintiffs' claims could not be arbitrated on a class-wide basis.  *Id.* Ex. 19.  The

23  Award concluded that each individual Plaintiff could pursue arbitration either through

24  separate filings, or as cross-claims to the 22 pending individual arbitrations filed by

25  Defendants.  *Id.*

26  **II.   LEGAL STANDARD**

27       Under the Federal Arbitration Act ("FAA"), a court must grant a request to

28  affirm an arbitration award unless the award is vacated, modified, or corrected.  9

4.

U.S.C. § 9.  A court may vacate an arbitration award when (1) it was procured by corruption, fraud, or other undue means; (2) the arbitrator was evidently partial or corrupt; (3) the arbitrator was guilty of misconduct in refusing to postpone a hearing, excluding material evidence, or otherwise prejudicing a party; or (4) the arbitrator exceeded his or her power.  9 U.S.C. § 10(a).  A court's review of an arbitration award is "highly deferential to the arbitrator."  *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir. 2011).

## III.  DISCUSSION

Plaintiffs raise essentially two arguments for denying Defendants' motion.  First, Plaintiffs argue the Award is not final, because there are still threshold issues that must be decided by the Arbitrator.  Second, Plaintiffs assert that the Arbitrator's Partial Final Award has been modified, making Defendants' motion premature.

### A. The Arbitrator Properly Declined to Address the Retailer Agreement's Validity as a Threshold Issue

Plaintiffs first argument hinges on the purported invalidity of Defendants' Retailer Agreements.  Plaintiffs argue that the Arbitrator was required, and failed to, make a decision regarding the validity of Defendants' contract language.  Opposition to Motion to Confirm Arbitration Award ("Opp.") at 13.  Plaintiffs argue that the SAMP Act applies to the Retailers Agreement, and that the Arbitrator failed to make a threshold finding on its applicability.  Accordingly, Plaintiffs assert, the Partial Final Award was not actually final.

However, by the time arbitration ensued, the Court had already determined that an enforceable arbitration agreement existed between the parties.  Once an enforceable arbitration agreement is found, that agreement "is severable from the remainder of the contract."  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006).  "An arbitration agreement survives even 'in a contract that the arbitrator later finds to be void.'"  *Quiroz v. Cavalry SPV I, LLC*, 217 F.Supp.3d 1130 (2016) (quoting *Buckeye*, 546 U.S. at 448).

Based on the Court's determination that the arbitration agreement was valid, and a review of the parties' briefings, the Arbitrator decided that the only threshold issue that she was appointed to resolve was whether Plaintiffs could proceed as a class during arbitration.  Pursuant to JAMS procedures, the Arbitrator's role was limited to resolving threshold issues, not engaging in a sweeping examination of California state law regarding a contract's validity.  While Plaintiffs assert the validity of the contract is, indeed, a threshold issue, the Arbitrator would be forced to engage in a factual and merits-based analysis of Defendants' Retailer Agreement and the requirements under the SAMP Act to determine whether the California law applied and whether it impacted the ultimate decision regarding the suitability of class-action arbitration. Such inquiry is not suitable for this early stage of arbitration.  *See Brinker Rest. Corp. v. Superior* Court, 54 Cal. 4th 1004, 1023 (2012) ("resolution of disputes over the merits of a case must be postponed until after class certification has been decided"). Now that the Arbitrator has determined that Plaintiffs' claims are only suited for individual arbitration, the Award is subject to court review.

**B. Finality of Award**

NBRA briefly argues that the Court should not confirm the Award because it is not yet final.  It claims the Award is not final for two reasons: (1) it is a "Partial" Final Award, and (2) the Arbitrator modified the award.  Neither argument persuades the Court.

As an initial matter, Plaintiffs cite no law suggesting that the Court should decline to confirm the Award.  The FAA allows a court to vacate an arbitration award if it is not sufficiently definite or final, 9 U.S.C. § 10(a)(4), but Plaintiffs do not argue that the Award is not final in the sense that it cannot be enforced.  Instead, Plaintiffs argue confirming the Award is premature at this juncture.  Putting aside the fact that the Arbitrator issued her a Partial *Final* Award, this Court has previously confirmed partial arbitration awards that resolve whether the parties' agreement permits class-wide arbitration.  *See e.g., Wulfe v. Valero Ref. Co.-California*, No. CV-12-05971-

MWF (Ex), 2013 WL 12212090 \*\*1-2, 7 (C.D. Cal. Dec. 17, 2013) (confirming a partial final award that found an agreement did not permit class-wide arbitration); *see also* 9 U.S.C. § 16(a)(1)(D) (providing that an order confirming or denying confirmation of an award *or* partial award is subject to appeal).

Moreover, the Award states that "[t]his is a Partial Final Award" and, thereafter, orders the parties to promptly inform JAMS of any judicial review of the Award. Weldon Decl. Ex. 19 at 1247. An arbitrator's determination that an award is final tends to control. *See Smart v. Int'l Bhd. of Elec. Workers, Local 702*, 315 F.3d 721, 725–26 (7th Cir. 2002) ("[I]f the arbitrator himself thinks he's through with the case, then his award is final . . . ."). Clearly the Arbitrator anticipated the Court's judicial review on her Award. The class action claims Plaintiffs raise have been completely resolved; the Award unambiguously provides that, pending the Court's order, and any decision by Plaintiffs to file individual arbitration claims or cross-claims against Defendants' individual arbitration demands, Plaintiffs' class-wide arbitration will be dismissed. *Id.* The Arbitrator concluded her review and determined the threshold issue she was assigned to arbitrate, the Court sees no reason to delay confirming the Award.

Plaintiffs argue that the Arbitrator modified or corrected her award and, thus, it is not final. Plaintiffs rely on the Amending Letter clarifying for Plaintiffs' the scope of the Award, which provides that "additional procedures will take place to appoint arbitrators to hear, not only the *Lemberg* action, but each of the 22 trailing arbitration matters. Any issues embedded in those actions will follow those assignments." Dkt. No. 103. The Court does not view this language as modifying the Award in any capacity. Moreover, Plaintiffs ignore the clear intent of the Arbitrator for the Award to be subject to finality; the Arbitrator's letter also provides that "[t]he Partial Final Award was subject to immediate court review and the Arbitrator understands that that process is underway." *Id.* Once again, an arbitrator's decision of the finality of her award is controlling in the Court's deferential review; it is unambiguous that the

7.

Award determining the threshold issue of Plaintiffs' class action claims is subject to the Court's judicial review.  Confirmation of the award is timely.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Confirm the Partial Final Award.  The matter will remain stayed pending the dismissal of the Plaintiffs' class action arbitration demand and the resolution of the 22 remaining demands to arbitration filed by Defendants.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE