1  Steven T. Graham (#105710)
   sgraham@swlaw.com
2  William S. O'Hare (#082562)
   wohare@swlaw.com
3  Elizabeth M. Weldon (#223452)
   eweldon@swlaw.com
4  Jing (Jenny) Hua (#294984)
   jhua@swlaw.com
5  SNELL & WILMER L.L.P.
   600 Anton Blvd., Suite 1400
6  Costa Mesa, California 92626-7689
   Telephone:  714.427.7000
7  Facsimile:   714.427.7799

8  Attorneys for Defendants LuLaRoe, LLC,
   LLR, Inc., Mark Stidham, and DeAnne Brady
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  Stella Lemberg, Jeni Laurence, Amandra        Case No. 5:17-cv-02102-AB-SHK
    Bluder, Carissa Stuckart, Dana Apana,         Hon. André Birotte Jr., Ctrm. 7B
14  Karen Moss Brown, Shannon Carrillo,           Mag. Judge Shashi H. Kewalramani,
    Samantha Hall, Natalie Lien, Melissa            Ctrm. 3/4
15  Atkinson, Aki Berry, Cheryl Hayton,
    Tiffany Scheffer, Lora Haskett, Ashley
16  Healy, Jocelyn Burke-Craig, Brittany          **Notice of Related Case**
    Bianchi, Kerry Tighe-Schwegler, Jini
17  Patton, Laura Rocke, Stephenie
    McGurn, and Peggy Johnson, on Behalf
18  of Themselves and All Others Similarly        Date Action Filed: October 13, 2017
    Situated Plaintiffs,
19
    v.
20
    LuLaRoe, LLC d/b/a LuLaRoe, a
21  California limited liability company,
    LLR, Inc., a Wyoming corporation,
22  Mark Stidham; DeAnne Brady a/k/a
    DeAnne Stidham; and DOES 1-10,
23  inclusive,

24  Defendants.

25

26

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   TO THE CLERK OF THE COURT AND TO THE ATTORNEYS OF

2   RECORD FOR ALL PARTIES HEREIN:

3         Pursuant to Central District Local Rule 83-1.3.1., Defendants LuLaRoe,

4   LLC, LLR, Inc., Mark Stidham, and DeAnne Brady ("LLR Defendants") hereby

5   give notice of a related case regarding the following action pending in this Court:

6   *Ponkey et al. v. LuLaRoe, LLC et. al.*, U.S. District Court, Central District of

7   California, Case No. 5:21-cv-00518-AB-SHK (the "*Ponkey* Action") with Judge

8   André Birotte Jr.

9   **A.**    **Explanation of the *Lemberg* Action and related matters**

10         The instant *Lemberg* Action is an amalgamation of four cases (the initial

11   *Lemberg* Action complaint and three other cases, as described below) filed against

12   four of the LLR Defendants—LuLaRoe, LLC, LLR, Inc., Mark Stidham, and

13   DeAnne Brady—by 22 of LLR's current and former independent retailers in late

14   2017.

15         The *Lemberg* Action was initially filed in October 2017 as a purported class

16   action with four named plaintiffs and claims for: (1) Unlawful, Fraudulent, and

17   Unfair Business Acts and Practices in Violation of California's Business and

18   Professions Code §§17200, et seq.; (2) Untrue or Misleading Advertising in

19   Violation of California Business and Professions Code §§17500, et seq.; (3) Quasi-

20   Contract (Unjust Enrichment); (4) Breach of Contract; (5) Breach of the Covenant

21   of Good Faith and  Fair Dealing; and (6) Conversion. The initial *Lemberg*

22   complaint named only LuLaRoe, LLC, and LLR, Inc. as defendants. The *Lemberg*

23   Action was assigned to this court.

24         In late October and November 2017, three more purported class actions were

25   filed against the LLR Defendants:

26       1.    *Haskett et al. v. LuLaRoe, et al.,* U.S. District Court, Central District of

27             California Case No. 5:17-cv-02212-AB-SHK ("*Haskett* Action") was

28             filed by five named plaintiffs, who brought claims for: (1) Endless

*SNELL & WILMER*
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1  Chain Scheme: California Penal Code §327 and Section 1689.2 of the
2  California Civil Code; (2) Unlawful, Unfair and Fraudulent Business
3  Practices Under the California Business and Professions Code
4  § 17200, et seq.; and (3) California Business and Professions Code
5  § 17500, et seq. The *Haskett* Action was initially assigned to District
6  Judge George H. Wu. After plaintiffs filed a notice of related case(s),
7  the *Haskett* Action was transferred to this court on November 16,
8  2017.

9  2.  *Patton v. LuLaRoe, LLC*, U.S. District Court, Central District of
10  California, Case No. 5:17-cv-02231-AB-SHK ("*Patton* Action") was
11  filed by Jini Patton, who brought claims for: (1) Breach of Promise; (2)
12  Unfair and Deceptive Practices Claims (Cal. Bus, & Prof. Code
13  § 17200, et seq.); and (3) False Advertising (Cal. Bus, & Prof. Code
14  § 17500, et seq.) The *Patton* Action was initially assigned to District
15  Court Judge Jesus G. Bernal. Judge Bernal set a status conference to
16  address, among other things, the possibility of consolidating actions or
17  the transfer of actions. At the status conference on November 20,
18  2017, Judge Bernal ordered the transfer of the *Patton* Action to this
19  court.

20  3.  *Rocke et al. v. LLR, et al.,* U.S. District Court, Central District of
21  California, Case No. 5:17-CV-02414-AB-SHK ("*Rocke* Action") was
22  filed by three named plaintiffs, who brought claims for: (1) Endless
23  Chain Scheme: California Penal Code §327 and Section 1689.2 of the
24  California Civil Code; (2) Unfair and Deceptive Practices Claims
25  Under Cal. Bus, & Prof. Code § 17200, et seq.; (3) California Business
26  and Professions Code § 17500, et seq.; (4) Violations of the California
27  Seller Assisted Marketing Plan Act § 1812.200 et seq.; (5) Common
28  Law Fraud and Misrepresentation; (6) Unjust Enrichment; (7) Breach

1  of Implied Covenant of Good Faith and Fair Dealing. The *Rocke*

2  Action was initially assigned to District Court Judge Michael W.

3  Fitzgerald on the same day that plaintiffs filed a notice of related

4  case(s). On December 7, 2017, the *Rocke* Action was transferred to

5  this court.

6    In January 2018, plaintiffs in the *Haskett*, *Patton*, and *Rocke* Actions

7  dismissed their cases. Plaintiffs in the *Lemberg* Action amended their complaint to

8  essentially incorporate the dismissed actions. The First Amended Complaint in the

9  *Lemberg* Action added 18 additional named plaintiffs, including each of the named

10  plaintiffs from the dismissed actions and added Mark Stidham and DeAnne Brady

11  as defendants. The First Amended Complaint also added two new claims that were

12  made in the dismissed actions: (1) Endless Chain Scheme: California Penal Code

13  §327 and Section 1689.2 of the California Civil Code; and (2) The California Seller

14  Assisted Marketing Plan Act §§ 1812.200, et seq.

15    In April 2018, this court ultimately granted, in part, the LLR Defendants'

16  motion to compel arbitration in the *Lemberg* Action.  In January 2019, arbitrator

17  Nancy Wieben Stock, Judge Ret., issued a Partial Final Award, which determined

18  that the *Lemberg* plaintiffs' claims are not arbitrable as a class action. In March

19  2019, this court granted the LLR Defendant's motion to confirm that Partial Final

20  Award.

21    **B.    The *Sperring* Action was transferred this this court as related to**

22  **the *Lemberg* Action**

23    *Sperring et al. v. LLR, Inc. et. al.*, U.S. District Court, Central District of

24  California, Case No. 5:19-cv-00433-JGB-KK (the "*Sperring* Action") was filed on

25  March 8, 2019 and was first assigned to Judge Jesus G. Bernal. Defendants in that

26  action filed a Notice of Related Cases in both the *Lemberg* Action and the *Sperring*

27  Action on March 27, 2019, which noted that the two actions arise from and relate to

28  the same contractual relationships and assert the same facts and many of the same

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   claims, including claims for endless chain scheme, violations of Cal. Bus. & Prof.

2   Code § 17200 and § 17500, and violation of California Seller Assisted Marketing

3   Plan Act §1812.200.  Like the *Lemberg* Action, the *Sperring* Action was brought by

4   LLR's current and/or former independent retailers of the LuLaRoe brand and is

5   based on complaints about their relationship with the LLR Defendants.  All of the

6   plaintiffs in the *Lemberg* Action and the *Sperring* Action entered into independent

7   retailer agreements with either LuLaRoe, LLC or LLR, Inc. and all of them

8   purchased goods from LLR, Inc.  All of the plaintiffs' claims arise from and are

9   related to their independent retailer agreements because those agreements govern

10  the relationship between LLR, Inc. and the plaintiffs. In both actions, plaintiffs seek

11  rescission of their independent retailer agreements and damages, as well as

12  certification of a class.  Defendants in both actions are identical, except that the

13  *Sperring* action names one additional LLR-related entity as defendant—Lennon

14  Leasing, LLC (which owns the trademarks that are licensed to LLR, Inc. and are

15  used in the LuLaRoe system). The *Sperring* Action also includes two additional

16  categories of claims for violation of the California Corporations Code and RICO,

17  but they are based on the same underlying factual allegations about the bonus or

18  compensation structure, advertising and income representations, the return policies,

19  and inventory loading in the LuLaRoe system that are asserted in the *Lemberg*

20  Action and in the remaining claims of the *Sperring* Action.

21      In April 2019, the *Sperring* Action was transferred to this court. In July 2019,

22  this court ultimately granted, in part, the *Sperring* defendants' motion to compel

23  arbitration. In September 2019, the *Sperring* Plaintiffs moved to dismiss the action

24  with prejudice, which this court granted, and appealed the court's arbitration order

25  in November 2019. On appeal, the Ninth Circuit sought supplemental briefs on the

26  effect of its decision in *Langere v. Verizon Wireless Servs.*, LLC, No. 19-55747

27  (9th Cir. Dec. 29, 2020), which held that a plaintiff cannot create appellate

28  jurisdiction by voluntarily dismissing his claims with prejudice after being forced to

1   arbitrate them. The *Sperring* appeal was submitted on the briefs on February 2,

2   2021 and is awaiting decision.

3          **B.**     **The *Ponkey* Action is almost identical to the *Sperring* Action**

4          The *Ponkey* Action was filed on March 24, 2021 and is almost identical to

5   the *Sperring* Action, with the exception of a new named plaintiff. The actions are

6   filed by the same attorneys, name the same defendants, allege the same facts, raise

7   the same claims, and seek the same remedies. In both actions, plaintiffs seek

8   rescission of their independent retailer agreements and damages, as well as

9   certification of an identical class.

10          The *Ponkey* Action is related to the *Lemberg* Action and *Sperring* Action

11   because: (1) it arises from the same or closely related transactions, happenings, and

12   events in the form of the LLR Defendants' business model, policies, and

13   agreements with, communications with, and statements to their independent

14   retailers, (2) it calls for determination of the same or substantially related or similar

15   questions of law and fact, and (3) hearing them separately would entail substantial

16   duplication of labor if heard by different judges because the facts and claims are so

17   similar.  A central question will be whether the arbitration provision of the parties'

18   independent retailer agreement is enforceable, which has already been determined

19   in both the instant *Lemberg* Action and in the *Sperring* Action.

20          Plaintiffs' civil cover sheet concedes that the *Ponkey* and *Sperring* actions

21   are related. On March 30, 2021, the *Ponkey* case was transferred to this court. This

22   transfer serves the interests of judicial economy and will require less labor than if

23   these cases are heard by different judges.

24          By filing a Notice of Related Case, the LLR Defendants do not waive any

25   defense or argument including, without limitation, the right to enforce the parties'

26   agreement to mediate and arbitrate their disputes.

27

28

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

Dated:  April 16, 2021

SNELL & WILMER L.L.P.

2

3

By: */s/ Jing (Jenny) Hua*
       Steven T. Graham
4       William S. O'Hare
        Elizabeth M. Weldon
5       Jing (Jenny) Hua
     Attorneys for Defendants LuLaRoe,
6    LLC, LLR, Inc., Mark Stidham, and
     DeAnne Brady

7

8

9

10

11

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28